IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 1:19-cr-57 (LO) |
| | ) | |
| KYU WA HONG | ) | |

**POSITION OF THE UNITED STATES ON SENTENCING**

The United States, through counsel, hereby submits its position on sentencing, currently scheduled for January 12, 2021. As discussed below, we ask that the Court sentence the defendant to a term of imprisonment of 240 months on Count 1 of the Fourth Superseding Indictment, which is near the low-end of the government's recommended guideline range.[1] We make this recommendation because of the defendant's leadership status within the gang, his history of violence, and his role in Brandon White's murder, including the attempt to hide White's body following White's killing. We believe a sentence of 240 months will also avoid unwarranted sentencing disparities with those defendants already sentenced by this Court and with those defendants the Court will sentence in the future.

**I.     Background**

The defendant, Kyu Wa Hong, also known as Alex Hong and Starter, was an early member of the Reccless Tigers, a violent street gang operating in Northern Virginia.[2] The Presentence Report describes in detail the gang's history, narcotics trafficking, and acts of

---

[1] In the PSR, the Probation Office recommends an offense level 35 and a criminal history category III, resulting in a guideline range of 210-262 months. The government recommends an offense level 37 and criminal history category II, resulting in a guideline range of 235-293 months.

[2] As used here, the Reccless Tigers includes the Reccless Tigers and its affiliated entities of Club Tiger, Tiger Side, Lady Ts, and the Asian Boyz.

violence, as well as the various roles of the defendants in this case (Dkt. 532 at ¶¶ 39-110, 114-121). The Fourth Superseding Indictment similarly describes the history and structure of the gang and its decade-long pattern of racketeering activity, including numerous acts of violence, narcotics trafficking, money laundering, obstruction of justice, and other offenses (*see United States v. Peter Le et al.*, No. 1:19-cr-57 (LO) at Dkt. 439).

Kyu Hong was introduced to the gang through Joseph Lamborn. The gang was small at the time and led by Richard Pak. His initial foray into narcotics trafficking with the Reccless Tigers was selling marijuana. Hong obtained pound quantities of marijuana through Richard Pak, which he then distributed in Northern Virginia. Hong eventually moved onto cocaine, and he became the cocaine supplier to other gang members, including Richard and Spencer Pak, Tyler Le, Peter Le, and others. Hong used Soung Park and others to distribute cocaine to his customers in Northern Virginia.

Hong was considered one of the leaders of the Reccless Tigers, right below Richard Pak and Tony Le. He was highly respected for his toughness, and he was known to stand up for other gang members in a fight. Some of Hong's violent acts as a member of the gang are detailed in his Statement of Facts (Dkt. 532, 94-99). Gang members often sought him out for advice when in a jam, as evidenced by his return to Virginia in February 2019 to help Joseph Lamborn move Brandon White's body (Dkt. 532, ¶¶ 102-108).

## II.     Sentencing Guidelines

The Probation Office determined that the defendant's base offense level is 30 (as stipulated by the parties); increased by 2 levels under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm; increased by 2 levels under U.S.S.G. § 2D1.1(b)(2) for use of violence; and increased by 4 levels under U.S.S.G. § 3B1.1(a)(1) for leadership; decreased by 3 levels for acceptance of

responsibility and a timely plea, for an offense level total of 35 (Dkt. 532, ¶¶ 126-136) .

The United States believes that the defendant should receive a 2-level enhancement under U.S.S.G. § 2D1.1(b)(16) as well. That section provides for an additional enhancement for a defendant, like Hong, who receives an adjustment for aggravating role if the offense involved any one of a number of factors. Here, three such factors apply, U.S.S.G. § 2D1.1(b)(16)(B), (D), and (E). The gang distributed controlled substances to juveniles and involved juveniles in the offense. Hong himself used Soung Park to distribute cocaine when Park was a juvenile. Hong tampered with evidence when Hong, Park, Lamborn, and others attempted to move Brandon White's body. And Hong's drug trafficking was Hong's livelihood. If the Court agrees and includes this enhancement, Hong's offense level total would be a level 37.

The United States also believes that Hong's criminal history should be a category II rather than a category III. The Probation Office gave the defendant 3 criminal history points for two criminal convictions, one in Fairfax County (¶ 139) and one in Prince William County (¶ 141). These offenses stemmed from his gang activity and, we believe, are part of the defendant's relevant conduct. As such, they should not be considered "prior sentences" within the meaning of U.S.S.G. § 4A1.2. If the Court adopts this position, Hong would have 3 criminal history points rather than 6, resulting in a criminal history category of II.

If the Court determines that the defendant has an offense level of 37 and criminal history category of II, the resulting guideline range is 235 to 293 months.

### III. The 18 U.S.C. § 3553 Factors

The defendant faces a statutory penalty of at least 120 months and a recommended guideline sentence of 235 to 293 months. The United States submits that a sentence of 240 months is consistent with the factors articulated in 18 U.S.C. § 3553, which the Court must take

into account when imposing its sentence.

### A.     The § 3553(a)(1) Factors

Under § 3553(a)(1), the Court must consider the nature and circumstances of the offense and characteristics of the defendant. The Presentence Report fairly describes the offense of conviction, applicable relevant conduct, and the defendant's family background and personal history, including his criminal history.

#### 1.     The Nature and Circumstances of the Offense

The Court is familiar with the government's investigation and prosecution of the Reccless Tigers and those associated with the gang.   The gang's drug trafficking was extensive, generating millions of dollars in drug proceeds.   Members of the gang distributed marijuana, THC products, cocaine, prescription drugs, ecstasy, and LSD, primarily in Northern Virginia but also in Richmond and other locations.   The gang sold its products to middle school, high school, and college students, using social media platforms to market its "brand."   Guns were a big part of the gang's image, and gang members armed themselves with handguns, shotguns, and assault rifles as reflected in hundreds of videos and photographs posted on their social media accounts. As the gang's drug networks grew, so did its violence.   Those who owed the gang money or offended the gang in some way were threatened, beat up, robbed, firebombed, stabbed, and murdered.

The defendant was at the center of all of this.   Hong sold substantial quantities of narcotics and was the gang's primary source of cocaine.   He was a respected leader of the gang, who not only sanctioned, but participated in numerous violent acts.   In 2013, he assaulted individuals over drug debts.   In 2014, along with Richard Pak and Joseph Lamborn, he beat up and robbed an individual in retaliation for a suspected drug rip-off.   During the Goldlinks Studio

robbery in 2016, Hong struck the owner over the head with a television. In 2017, he and Peter Le stabbed an individual at a local 7-11. In April 2017, Hong was one of several Reccless Tigers in the middle of the fight and shoot-out with a rival gang at a club in Annandale. And in February 2019, Hong directed the effort to try to hide Brandon White's body for Joseph Lamborn.

### 2.     The History and Characteristics of the Defendant

As noted, the defendant was born in Korea. After moving to the United States, his family settled in Northern Virginia, and Hong attended Fairfax County public schools. He was doing well in school prior to dropping out in the eleventh grade. Prior to his arrest in 2019, had been using the defendant used marijuana regularly for almost a decade. He also used cocaine and ecstasy.

### B.     The § 3553(a)(2) Factors

Under § 3553(a)(2), the Court must also consider whether a total sentence of 120 months satisfies four additional factors. First, as discussed above, a sentence within this range would certainly reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

Second, a sentence within this range would serve to deter others from committing the same or similar offenses. At the local level, offenses tied to gang activity often result in little or no jail time. Without meaningful sentences, criminal organizations such as the Reccless Tigers will continue to flourish. The defendant's experience with local charges was typical for many of the Reccless Tigers. In 2014, he pled guilty to a felony drug charge in Fairfax County and was sentenced to only 14 days in prison. After violating his probation, he was sentenced to an additional two months in prison. In Prince William County, Hong was arrested in 2014 for

possession with intent to distribute marijuana and ecstasy. After pleading guilty to possession (rather than PWID), he was sentenced to one month in prison. Four other felony arrests locally resulted in the dismissal of the charges.

Third, a sentence of imprisonment within this range will protect the public from any further crimes by this defendant.

Finally, a sentence within this range may provide the defendant with needed educational or vocational training and any medical or psychological treatment. He may be well served by the educational opportunities afforded by BOP.

    C.    The § 3553(a)(6) Factor

Under 18 U.S.C. § 3553(a)(4) and (5), the Court must consider the kinds of sentence and the sentencing range established for the offense under the sentencing guidelines. Under 18 U.S.C. § 3553(a)(6), the Court must consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. The following chart lists the sentences for each of the defendants sentenced previously by the Court:

| **Defendant** | **Sentence** |
|---|---|
| Kevin Aagesen | 188 months |
| Fahad Abdulkadir | 192 months |
| Zu Hun Chang | 42 months |
| Tasneef Chowdhury | 121 months |
| Angel Le | 42 months |
| Tyler Le | 135 months |
| Soung Park | 132 months |

| Abdullah Abdow Sayf | 180 months |
|---|---|
| Brandon Sobotta | 7 months |
| Tyler Sonesamay | 120 months |

Three defendants in this case have pled guilty to having conspired to abduct Brandon White – Abdullah Sayf, Fahad Abdulkadir, and Kevin Aagesen. They received sentences between 180 and 192 months. One defendant, Brandon Sobotta, participated in one drug transaction, and was sentenced to 7 months. One other defendant, Zu Chang, was arrested by Fairfax County police in a separate case for possession with intent to distribute drugs, and he was sentenced to 42 months. Angel Le was the girlfriend of Peter Le, whose primary role was in leasing apartments for Peter Le and collecting and depositing drug proceeds for the gang. She was sentenced to 42 months. The other four defendants, Tasneef Chowdhury, Tyler Le, Soung Park, and Tyler Sonesamay, were sentenced between 120 and 135 months. All four were active gang members and involved in drug trafficking and gang violence.

The defendants previously sentenced fall into three categories: (1) the lower-level defendants whose participation in the gang and/or drug conspiracy was limited (sentenced to less than 60 months); (2) mid-level defendants who were heavily involved in narcotics trafficking, gun possession, and some acts of violence (sentenced to 10-12 years); and (3) defendants who were involved in the kidnapping of Brandon White but who were not directly involved in his murder (sentenced to 15-16 years). Hong represents a fourth category of defendants – gang leadership coupled with substantial drug trafficking and violence and, in Hong's case, attempts to conceal a murder by his fellow gang members. For Hong, we submit that a sentence greater than those imposed for the defendants in the above three categories is warranted, and we

7

recommend a sentence of 240 months imprisonment, which is at the lower end of his sentencing guideline range.

## IV. Response to the Defendant's Objections

In his sentencing memorandum, the defendant objects to the enhancement for leadership role. While it is true that the Reccless Tigers did not have a rigid hierarchy with different tiers or layers of leadership and management, the gang did have leaders whose directives were respected and carried out. In dozens of interviews with gang members and others associated with the gang, the same three persons were consistently identified as being those leaders – Richard Pak, Tony Le, and Kyu Hong. Most considered Richard Pak and Tony Le as being the highest ranking, co-leaders of the gang, with Hong just below them. Some identified Hong as being equal to Richard Pak and Tony Le.

The moving of Brandon White's body is one example of how Hong acted as an "organizer or leader" of criminal activity that was "otherwise extensive." Joseph Lamborn sought out Hong for advice as to what to do about Brandon White's body, which Lamborn, Peter Le, and Young Yoo had left in a wooded area of a residential neighborhood in Richmond, Virginia. Hong advised Lamborn that he should try to dispose of the body, and Hong took over the effort to do just that. He arranged for Soung Park and to meet them in Texas, where he gave Soung tasks to take care of as he and Lamborn traveled by bus to Richmond. He tasked others with securing transportation for the effort. Similarly, for the break-in at the Goldlinks Studio, Hong was instrumental in the planning and execution of what they thought would be a burglary, but which turned into a robbery because someone was at the studio when they broke in. Finally, Hong operated his cocaine business from Las Vegas. From there, he directed Soung Park and other persons to make deliveries of cocaine in Virginia and return the drug proceeds to him.

**Conclusion**

For these reasons, and for the reasons set forth in the Presentence Report, we ask that the Court sentence the defendant to 240 months imprisonment on Count 1 of the Fourth Superseding Indictment, to be followed by five years of supervised release, and the payment of a special assessment fine of $100.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:          /s/
James L. Trump
Carina A. Cuellar
Assistant United States Attorneys
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3726
jim.trump@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of January, 2020, I filed the foregoing pleading with the Clerk of Court using the Court's electronic filing system, which will serve all counsel of record.

By: _____/s/_____
James L. Trump
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3726
jim.trump@usdoj.gov